# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMRO A. ELANSARI,                       :        CIVIL NO: 3:15-CV-01461
                                        :
         Plaintiff,                     :
                                        :        (Judge Mannion)
     v.                                 :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
*et al.*,                               :
                                        :        (Magistrate Judge Schwab)
         Defendants                     :
                                        :

## <u>REPORT AND RECOMMENDATION</u>

On July 28, 2015, *pro se* plaintiff Amro A. Elansari ("Elansari") initiated

this action by filing a complaint (*doc. 1*), presumably under 28 U.S.C. § 1983,

requesting a declaration that the "marijuana prohibition" is unconstitutional under

the Fifth and Fourteenth Amendments to the United States Constitution and an

injunction against the defendants restraining them from arresting, prosecuting,

incarcerating, and discriminating against individuals for marijuana use and

possession.  Elansari names the following thirteen entities as defendants: (1) The

United States of America; (2) The Commonwealth of Pennsylvania; (3) Penn State

Dickinson School of Law ("Penn State Law"); (4) State College Police

Department; (5) Centre County Correctional Facility; (6) Centre County District

Attorney's Office; (7) Centre County Court of Common Pleas; (8) Bloomsburg

University; (9) Pennsylvania Human Relations Commission ("PHRC"); (10) Town of Bloomsburg; (11) Bloomsburg Police; (12) Columbia County District Attorney's Office; and (13) Columbia County Courthouse.  We address here Elansari's "Motion for Judgment by Default –Failure to Respond" (*doc. 32*) ("Motion"), filed on January 10, 2016, and "Emergency Praecipe for Entry of Judgment by Default" (*doc. 33*) ("Praecipe"), filed on January 12, 2016, and for the reasons set forth below, we recommend that the Motion and Praecipe be denied.

Although the Motion and Praecipe are less than clearly drafted, it appears that in the Motion Elansari is seeking a default judgment against all named defendants, except Columbia County Courthouse and Columbia County District Attorney's Office, alleging that the remaining defendants failed to respond to his complaint in a timely manner.  Elansari further "requests a judgment by default to be entered in favor of the Petitioner allowing him to resume classes at Penn State Law and use marijuana freely in Pennsylvania."  *Doc.* 32 ¶ 6.  In the Praecipe, Elansari requests judgment in his favor only against The Commonwealth of Pennsylvania, Penn State Law, Centre County Court of Common Pleas, Centre County District Attorney's Office, State College Police Department, and the

Bloomsburg Police Department.[1]  He further requests that he be given the freedom to resume classes at Penn State Law and the freedom to immediately possess, use, and distribute marijuana in the Commonwealth of Pennsylvania.

Obtaining a default judgment is a two-step process undertaken pursuant to Rule 55 of the Federal Rules of Civil Procedure. When a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).   The entry of a default "by the Clerk under Federal Rule of Civil Procedure 55(a)[, however], constitutes a general prerequisite for a subsequent default judgment under Rule 55 (b)."  *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (citing 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2682 (2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." (footnote omitted))); *see also Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) ("[T]he District Court properly denied the motion because Limehouse failed to obtain entry of default prior to seeking a default judgment."); *Int'l Union of Painters and Allied Trades Dist. Council 711 Health & Welfare, Vacation and Finishing Trades Inst.*

---

[1]     The Praecipe does not mention the following defendants: The United States, Centre County Correctional Facility, Bloomsburg University, PHRC, Town of Bloomsburg, Columbia County District Attorney's Office, or Columbia County Courthouse.

*Funds v. Village Glass, Inc.*, No. 11-1023, 2012 WL 209076, at *1 (D.N.J. Jan. 24, 2012) (denying plaintiff's motion for default judgment where plaintiff failed to first obtain an entry of default). Elansari's failure to follow the proper procedure and first obtain an entry of default is fatal to the Motion and the Praecipe, and thus, there is no basis for the entry of default judgment against any of the defendants.

Additionally, with the exception of several defendants who waived service and then filed timely motions to dismiss,[2] not until May of 2016, when Penn State Law admits it was properly served (*doc.* 47 at 5), was service of process proper as to any of the defendants in this matter. Instead of properly serving the defendants, Elansari transmitted the complaint and summons package to the defendants via an email message without any prior good faith efforts to effectuate service properly pursuant to Rule 4 of the Federal Rules of Civil Procedure and without requesting permission from this Court to serve by alternative means. *See Doc.* 32-1; *see also Power Corp. of Canada v. Power Fin.*, No. 4:09-CV-0510, 2009 WL 982750, *1 (M.D. Pa. Apr. 13, 2009) (stating that "a plaintiff who is unable to serve process

---

[2]      Columbia County Courthouse, Centre County Courthouse (although the Centre County Courthouse is not specifically named as a defendant, it appears that the parties sometimes interchange the Centre County Courthouse for the Centre County Court of Common Pleas), and Columbia County District Attorney's Office voluntarily filed waivers of service forms with the Court on November 2, 2015, and November 3, 2015 respectively. *See Docs*. 11 & 13. The court defendants filed a joint motion to dismiss on November 9, 2015 (*doc*. 14), and the Columbia County District Attorney's Office filed a motion to dismiss on December 22, 2015 (*doc*. 28).

through customary methods may request permission to effect service via alternate means, *see* PA. R. CIV. P. 430(a); *see also* FED. R. CIV. P. 4(e)(1), (h)(1)(A), and that a plaintiff filing such a request must show that (1) the plaintiff made a good faith effort to locate the defendant, (2) the plaintiff undertook practical efforts to effectuate service through traditional means, and (3) the alternate form of service is 'reasonably calculated to provide the defendant with notice of the proceedings against him'") (internal citations omitted). Thus any delay or failure to respond to the complaint on the part of the defendants is a direct result of Elansari's failure to properly serve the complaint. *See Carroll v. Stettler*, Civil Action No. 10-2262, 2012 WL 3279213, at *2 (E.D.Pa. Aug. 10, 2012) (stating that the proper entry of default requires that the party be properly served).

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Elansari's "Motion for Judgment by Default –Failure to Respond" (*doc. 32*) ("Motion") and "Emergency Praecipe for Entry of Judgment by Default" (*doc. 33*) ("Praecipe") be **DENIED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of

court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.  Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **8th day of July 2016**.

**_S/ Susan E. Schwab_**
Susan E. Schwab
United States Magistrate Judge