**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMRO ELANSARI,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-1461** |
| | : | |
| **v** | : | |
| | : | **( MANNION, D.J.)** |
| **UNITED STATES, _et al.,_** | : | **( SCHWAB, M.J.)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

The plaintiff, Amro Elansari, filed, _pro se,_ a complaint on July 28, 2015, seemingly under 42 U.S.C. §1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), alleging that several state and federal officials violated his constitutional rights.(Doc. 1). The plaintiff basically seeks the court to prohibit the arrest, incarceration and prosecution of all persons in the United States regarding the possession, use and distribution of marijuana as well as a declaration that marijuana prohibition is unconstitutional. The plaintiff named 13 defendants in this case. Four motions to dismiss were filed by various defendants. Presently before the court is the Report and Recommendation of Judge Schwab regarding three of the pending motions to dismiss, namely, Centre County Court of Common Pleas and Columbia County Courthouse's joint motion to dismiss for failure to state a claim, (Doc. 14), Columbia County District Attorney's Office's motion to dismiss for failure to state a claim, (Doc. 28), and State College Police Department's motion to dismiss for lack of jurisdiction and failure to

state a claim, (Doc. 36). Judge Schwab recommends that the motions be granted and that the complaint be dismissed with prejudice against the Moving and Non-Moving defendants. The plaintiff filed objections to Judge Schwab's report, (Doc. 63), and the Columbia County District Attorney's Office responded to the objections, (Doc. 65). The plaintiff filed a reply to the response to his objections, (Doc. 66). Based on the following discussion, Judge Schwab's report will be **ADOPTED IN ITS ENTIRETY** and the defendants' motions will be **GRANTED**.

## I.      STANDARDS OF REVIEW

### A. Objections to Report and Recommendation

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### B. Motion to Dismiss

The defendants' motions to dismiss are brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote

Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## II.    DISCUSSION[1]

As set forth more fully in Judge Schwab's report, plaintiff Elansari seeks a declaration that the "marijuana prohibition" is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution and the issuance of an injunction against the defendants restraining them from arresting, prosecuting, incarcerating, and discriminating against individuals for marijuana use and possession. The plaintiff does not appear to be requesting monetary damages. In particular, the plaintiff claims that he has a constitutionally protected liberty interest in growing and using marijuana and, that the federal and state laws prohibiting the use of marijuana violate the Due Process Clause of the Fifth and Fourteenth Amendments. He also claims that these laws violate the Equal Protection Clause since some states have decriminalized marijuana and other states have not, such as Pennsylvania. The plaintiff also challenges the criminalzation of marijuana by Pennsylvania

---

[1]Since the complete background and procedural history of this case is detailed in Judge Schwab's report it shall not be fully repeated herein.

and the United States, and he disputes the classification of marijuana by the Government as a Schedule I drug. The plaintiff claims that the classification of marijuana as a Schedule I drug compared to other drugs which are much more hazardous that are not under this classification violates the Equal Protection Clause.

The first pending motion to dismiss for failure to state a claim was jointly filed by defendants Centre County Court of Common Pleas and Columbia County Courthouse. (Doc. 14). The second pending motion to dismiss was filed by the Columbia County District Attorney's Office, (Doc. 28), and the third motion was filed by the State College Police Department, (Doc. 36). Judge Schwab refers to these defendants collectively as "Moving" defendants.

To protest the criminalzation of marijuana, the plaintiff smoked marijuana in front of police during Bloomsburg University commencement and he was arrested. He was convicted by a judge in the Columbia County Court of Common Pleas and on April 9, 2015, he was sentenced to $100 fine. *See* Commonwealth v. Elansari, 2016 WL 732596 (Pa.Super. Feb 24, 2016). In deciding his appeal, the Pennsylvania Superior Court found that Elansari failed to develop his legal claim that smoking marijuana should be protected as a fundamental liberty under the United States Constitution and thus waived this argument. Id. The Superior Court also cited to Commonwealth v. Waddell, 61 A.3d 198, 207 (Pa.Super. 2012) ("The panel in *Waddell* rejected a due

process challenge, concluding, '[r]egardless of whether there are accepted medical uses for marijuana in the United States, marijuana remains a Schedule I substance under the Drug Act.'").

At the time of his arrest, the plaintiff was a law student at The Pennsylvania State University Dickinson School of Law ("Penn State Law") and he was later suspended from the school for two years. In February of 2015, the plaintiff filed a petition in the Centre County Court of Common Pleas seeking an injunction to allow him to return to Penn State Law and a judge denied the petition. The plaintiff was later arrested by the State College Police for selling marijuana and his apartment was searched. The Plaintiff was then confined in Centre County Correctional Facility for three months. He was subsequently found guilty of the marijuana-related offenses in the Centre County Court of Common Pleas. The plaintiff states that he is prohibited from using marijuana as one of his bail conditions set by Centre County Judge Pamela Ruest despite the fact that he claims a medical and religious need for it.

Initially, Judge Schwab is correct insofar as her findings regarding the plaintiff's requests for a declaratory judgment and a permanent injunction that the legal prohibition on marijuana both by Pennsylvania and the United States is unconstitutional. The plaintiff previously filed an emergency petition for *ex parte* preliminary injunction seeking this court to prohibit the arrest,

incarceration and prosecution of all persons in the United States regarding the possession, use and distribution of marijuana as well as a declaration that marijuana prohibition is unconstitutional. On July 31, 2015, this court issued an order denying the plaintiff's emergency petition for *ex parte* preliminary injunction. (Doc. 6). The plaintiff appealed this court's order and the Third Circuit affirmed the order on September 10, 2015. *See* Elansari v. United States, 615 Fed.Appx. 760 (3d Cir. 2015). The Third Circuit found that "Elansari cannot show a likelihood on the success of his claim that the marijuana prohibition is unconstitutional." Id. at 762. The Third Circuit also found that the plaintiff could not show irreparable harm. Id.

On August 11, 2016, the plaintiff filed a motion for emergency preliminary injunctive relief, (Doc. 67), seeking the court to issue an order allowing him to return to classes at Penn State Law School for the 2016 Fall semester. The plaintiff maintained that "the prohibition of marijuana is unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment." On August 15, 2016, this court denied the plaintiff's motion. (Doc. 69). This court found, in part, that the plaintiff again failed to show a likelihood of success on the merits and he again failed to demonstrate irreparable injury would result if he is not immediately re-instated in the law school. *See* Elansari v. United States, 615 Fed.Appx. 760; *see also* Gonzales v. Raich, 545 U.S. 1, 125 S.Ct. 2195 (2005) (Supreme Court held that

8

provisions of Controlled Substances Act ("CSA")[2] criminalizing manufacture, distribution, or possession of marijuana to intrastate growers and users of marijuana for medical purposes was not unconstitutional); United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483, 490, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001) (since the CSA "classif[ied] marijuana as a Schedule I drug, ... , the manufacture, distribution, or possession of marijuana became a criminal offense" and, there is no medical necessity exception to the CSA's prohibitions on manufacturing and distributing marijuana.).This court held that the plaintiff's attempt to distinguish the *Gonzales* case was without merit since the Third Circuit relied on this case in deciding the plaintiff's likelihood of success on his claim that marijuana prohibition is unconstitutional in his appeal of the denial of his first injunction motion. *See* Elansari v. United States, 615 Fed.Appx. at 762. Additionally, this court stated that "no court to date has held that citizens have a constitutionally fundamental right to use medical marijuana." U.S. v. Wilde, 74 F.Supp.3d 1092, 1095 (N.D. Ca. 2014) (citing Raich v. Gonzalez, 500 F.3d 850, 866 (9th Cir. 2007) ("[F]ederal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician....").[3] In his objections to Judge Schwab's report,

---

[2]*See* 21 U.S.C. §801, *et seq*.

[3]The court also noted that the DEA recently decided to keep marijuana as a Schedule I drug and declined to re-classify it as Schedule II. *See* www.dea.gov/druginfo/ds.shtml. The court stated that this indicates marijuana

(Doc. 63), the plaintiff again tries to distinguish the *Gonzales* v. *Raich* case and the court again finds that this attempt is without merit.

Thus, the court concurs with Judge Schwab that "a permanent injunction is unavailable to Elansari" and that "[b]ased on well-settled law, Elansari will not be able to show actual success on the merits of his claim that the 'marijuana prohibition' is unconstitutional." (Doc. 62 at 12). *See* U.S. v. Wilde, 74 F.Supp.3d at 1094 (Court held that "Congress's classification of marijuana as a Schedule I controlled substance satisfies traditional rational basis review.") (citing U.S. v. Heying, 2014 WL 5286153, *7 (D.Minn. Aug. 15, 2014) ("As the Court in *Heying* properly determined traditional 'rational basis is the appropriate standard of review' for a Fifth Amendment challenge to Congress's classification of marijuana under the CSA."). Judge Schwab states that "[Elansari] alleges no facts that would support a religious or spiritual right to use marijuana." *See also* Commonwealth v. Elansari, 2016 WL 732596 (Pa.Super. Feb 24, 2016). Further, Judge Schwab found that "Elansari has no constitutional right to use, possess, or distribute marijuana" and that "[Elansari] also enjoys no fundamental liberty interest in being free from criminal prosecution for marijuana-related offenses." (Doc. 62 at 14). Judge Schwab also recommends that the court decline to exercise its

will remain illegal for any purpose under federal law even though 25 states, including Pennsylvania, and the District of Columbia have legalized it for medical reasons and several states have decriminalized it for personal use.

discretion to hear plaintiff's declaratory judgment action.

As such, Judge Schwab recommends that the motions to dismiss of all of the moving defendants should be granted and that plaintiff's claims against them should be dismissed with prejudice. Based on the foregoing, the court concurs with Judge Schwab's findings and recommendations regarding the Moving defendants.

Judge Schwab also recommends that the plaintiff's complaint against the Non-Moving defendants, namely, the United States of America, the Commonwealth of Pennsylvania, Centre County Correctional Facility, Bloomsburg University, the PHRC, the Town of Bloomsburg, and the Bloomsburg Police Department, (collectively referred to as the "Non-Moving" defendants), should be dismissed for the same reasons discussed above. Additionally, she correctly states that the plaintiff's claims against the Commonwealth and its agency are barred by sovereign immunity. *See* Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir. 2000). Subsidiary units of state governments are immune from suit under the Eleventh Amendment. Betts v. New Castle Youth Dev. Center, 621 F.3d 249, 253 (3d Cir. 2010); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347 (1974) (actions for damages against a state in federal court are prohibited by the Eleventh Amendment unless the state has waived its immunity). Pennsylvania has specifically withheld consent to be sued in federal court: "Nothing

contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S. §8521(b); *see also* 1 Pa.C.S. §2310; Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) (Third Circuit held that Pennsylvania's probation and parole departments are entitled to Eleventh Amendment immunity.).[4]

Further, Judge Schwab is correct that "Elansari's claims against the United States is barred by the doctrine of sovereign immunity." (Doc. 62 at 15 (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).

The plaintiff contends in his objections that since he is seeking the defendant governments and agencies to be stopped by the court from prohibiting the use of marijuana for any purpose and enjoin them from

_____

[4]With respect to any request for monetary damages, the court notes that prosecutors in the Columbia County District Attorney's Office enjoy prosecutorial immunity. Prosecutors are entitled to absolute immunity when performing their official duties, including the decision to prosecute or not prosecute an individual. *See* Stankowski v. Farley, 487 F.Supp.2d 543 (M.D.Pa. 2007); Radocesky v. Munley, 247 Fed.App'x. 363, 365 (3d Cir. 2007).

The court also notes that based on the allegations in the plaintiff's complaint, the State College Police Department had probable cause to arrest the plaintiff. *See* Carney v. Pennsauken Twp. Police Dept., 598 Fed.Appx. 80, 82 (3d Cir. 2015) ("To determine whether [the police officers] had probable cause to arrest and initiate a prosecution against [plaintiff], we look to the totality of the circumstances and rely on 'the factual and practical considerations of everyday life on which reasonable and prudent men ... act.'") (citation omitted).

enforcing state and federal law, "sovereign immunity does not apply to due process violations." (Doc. 63 at 2). This contention is baseless. *See* Elansari v. United States, 615 Fed.Appx. at 762 ("Elansari cannot show a likelihood on the success on his claim that the marijuana prohibition is unconstitutional."); *Com. v. Waddell, supra*. As the Columbia County District Attorney's Office states in its response to plaintiff's objections, (Doc. 65), it is the role of the state and federal legislatures, not the court, to decide whether individuals may legally possess, consume, and distribute marijuana. Plaintiff simply does not have a fundamental right in being able to possess, use and distribute marijuana. *See* Raich v. Gonzalez, 500 F.3d at 866; Jones v. Lehmkuhl, 2013 WL 6728951, *19 (D.Co. Dec. 20, 2013) (Court held that "Colorado's medical marijuana regime does not create a protected liberty interest." Court also found no substantive due process right at issue since it found no "historical or legal antecedents that suggest the production, use or sale of marijuana should be elevated to a fundamental constitutional right."). Additionally, "[t]he Supreme Court held in *Gonzales v. Raich* [125 S.Ct. at 2215] that Congress acted within the bounds of its Commerce Clause authority when it criminalized the purely intrastate manufacture, distribution, or possession of marijuana in the Controlled Substances Act."). Id. at 867.

Nor is there any merit to the plaintiff's equal protection claim. *See* U.S. v. Heying, 2014 WL 5286153, *7 ("[T]he Court concludes no discriminatory

13

legislative purpose motivated the inclusion of marijuana as a Schedule I controlled substance....”); U.S. v. Wilde, 74 F.Supp.3d at 1098.

The court finds that it lacks subject matter jurisdiction over the plaintiff’s claims against the United States, the Commonweath and its agencies. The court will dismiss, *sua sponte*, the plaintiff’s claims against the Non-Moving defendants. *See* DeGrazia v. F.B.I., 316 Fed.Appx. 172, 173 (3d Cir. 2009); Smith v. Laster,787 F.Supp.2d 315, 318-19 (D. Del. 2011) (citing Hagans v. Lavine, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

## III.   CONCLUSION

After reviewing the complaint, (Doc. 1), the motions to dismiss and the briefs of the parties, the report of Judge Schwab, (Doc. 62), and the plaintiff’s objections, (Doc. 63), and responses thereto, (Doc. 65, Doc. 66), Judge Schwab’s report is **ADOPTED IN ITS ENTIRETY**. The motions to dismiss of Centre County Court of Common Pleas and Columbia County Courthouse, (Doc. 14), the Columbia County District Attorney’s Office, (Doc. 28), and the State College Police Department, (Doc. 36), are **GRANTED** and the Moving defendants and Non-Moving defendants are **DISMISSED WITH PREJUDICE**.

The court finds futility in allowing the plaintiff to amend his claims against the stated defendants. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 17, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1461-01.wpd

15