# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMRO ELANSARI, | |
| Plaintiff | CIVIL ACTION NO. 3:15-1461 |
| v | |
| UNITED STATES, *et al.*, | ( MANNION, D.J.) |
| Defendants | ( SCHWAB, C.M.J.) |

## MEMORANDUM

On July 31, 2017, plaintiff Amro Elansari, filed, *pro se,* an amended complaint, under 42 U.S.C. §1983, against the sole remaining defendant, Pennsylvania State University Dickinson School of Law ("PSL"). (Doc. 94). The court permitted plaintiff to file his amended complaint only with respect to the remaining claims against this defendant, namely, his class-of-one theory equal protection claim and his 14th Amendment procedural and substantive due process claims. On August 21, 2017, PSL filed a motion to dismiss plaintiff's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 98). The motion was fully briefed.

Presently before the court is the Report and Recommendation of Judge Schwab regarding PSL's motion to dismiss. (Doc. 105). Judge Schwab recommends that the motion be granted in part and denied in part. Specifically, she recommends that plaintiff's equal protection and substantive due process claims against PSL, as well as his procedural due process claim regarding his two year suspension from law school in January of 2015, be

dismissed with prejudice. Judge Schwab also recommends that plaintiff be permitted to proceed on his procedural due process claim regarding his alleged indefinite ban from the law school. Finally, she recommends that the court should not allow plaintiff to file a second amended complaint based on futility. On December 14, 2017, plaintiff filed partial objections to Judge Schwab's report, (Doc. 106), and PSL responded to the objections, (Doc. 107). PSL did not file any objections to the report.

Based on the following discussion, Judge Schwab's report will be **ADOPTED IN ITS ENTIRETY** and PSL's motion will be **GRANTED IN PART AND DENIED IN PART**.

I.  **STANDARDS OF REVIEW**

   **A. Objections to Report and Recommendation**

   When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

   For those sections of the report and recommendation to which no

objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### B. Motion to Dismiss

PSL's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544,

3

127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

4

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## II. DISCUSSION[1]

Initially, to the extent plaintiff's present objections re-assert the objections he previously raised in this case regarding other reports and other decisions of this court that are not currently before the court, his objections are denied as moot. The court will not revisit any of its prior rulings in this case.

As set forth more fully in Judge Schwab's report, plaintiff Elansari basically avers that while he was a law school student attending PSL "he received unequal and discriminatory treatment, allegedly due to his recreational and medicinal use of marijuana." (Doc. 105 at 4). Plaintiff alleges that he must use marijuana to treat his "severe chronic back pain." Plaintiff alleges that in January of 2015, he was suspended from PSL for two years

---

[1] Since the complete background and procedural history of this case is detailed in Judge Schwab's report it shall not be repeated herein.

5

due to his marijuana use. However, he now alleges that despite the imposition of the 2-year suspension, PSL has altered his suspension into an indefinite ban in which it has prohibited him from entering all of Penn State University's properties. Plaintiff's remaining claims against PSL are based on these allegations.

Judge Schwab recommends that plaintiff's class-of-one equal protection claim should be dismissed since the students he compares himself to are not similarly situated. Plaintiff's objections do not challenge Judge Schwab's recommendation that PSL's motion should be granted regarding the stated claim. The court agrees with Judge Schwab's well reasoned decision and will adopt her recommendation, in full, regarding this claim.

Judge Schwab also recommends that plaintiff's substantive due process claim against PSL be dismissed. Plaintiff objects to this recommendation. The court agrees with Judge Schwab's rationale that plaintiff's "continued enrollment in a graduate level program at an academic institution is [not] a protected property interest under the substantive component of the Due Process Clause." (Doc. 105 at 23-25). Thus, for the reasons articulated by Judge Schwab, the undersigned will adopt her recommendation that PLS's motion be granted with respect to plaintiff's substantive due process claim.

Further, Judge Schwab recommends that PSL's motion be denied regarding plaintiff's procedural due process claim as to his indefinite ban from PSL. Neither party objected to this recommendation and it will be adopted.

Finally, Judge Schwab recommends that the new claims plaintiff attempts to raise against PSL in his amended complaint, namely, for violations of the Pennsylvania Human Relations Act, Section 504 of the Federal Rehabilitation Act, and Title II of the Americans with Disabilities Act, should be stricken and dismissed since they are clearly beyond the scope of the amendments that were permitted by this court. The court concurs with Judge Schwab. The court's June 13, 2017 Order specifically allowed plaintiff to file his amended complaint only against PSL and only with respect to his remaining claims against this defendant, namely, his class-of-one theory equal protection claim and, his procedural and substantive due process claims. This court has rejected several attempts by plaintiff to re-assert his previously dismissed claims and defendants, and it had only granted him leave to amend his pleading with respect to the stated three claims against PSL. The court will not permit plaintiff to now raise his new claims in this 2015 case.

Additionally, the court agrees with Judge Schwab that the plaintiff should not be granted further leave to amend his claims based on futility as well as prejudice to defendant.

III. **CONCLUSION**

After reviewing the amended complaint, (Doc. 94), PSL's motion to

7

dismiss, (Doc. 98), and the report of Judge Schwab, (Doc. 105), as well as plaintiff's objections, (Doc. 106), and PSL's response thereto, (Doc. 107), Judge Schwab's report is **ADOPTED IN ITS ENTIRETY**. PSL's motion to dismiss plaintiff's claims for equal protection, substantive due process and procedural due process as it relates to his two year suspension from law school, is **GRANTED** and these claims are **DISMISSED WITH PREJUDICE**. PSL's motion is **DENIED** with respect to plaintiff's procedural due process claim regarding his indefinite ban from the law school. The court finds futility in allowing the plaintiff to further amend his claims against PSL. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 26, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1461-02.wpd