# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMRO ELANSARI,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:15-1461** |
| : | |
| **v** : | |
| : | **(JUDGE MANNION)** |
| **UNITED STATES,** *et al.,* : | |
| : | |
| **Defendants** | |

## MEMORANDUM

On July 31, 2017, plaintiff Amro Elansari, filed, *pro se,* an amended complaint, under 42 U.S.C. §1983, against the sole remaining defendant, Pennsylvania State University Dickinson School of Law ("PSL"). (Doc. 94).

On November 30, 2017, Judge Schwab issued a Report and Recommendation recommending that PSL's motion to dismiss be granted in part and denied in part. (Doc. 105). Judge Schwab recommended that plaintiff's equal protection and substantive due process claims against PSL, as well as his procedural due process claim regarding his two year suspension from law school in February of 2015, be dismissed with prejudice. Judge Schwab also recommended that plaintiff be permitted to proceed only on his procedural due process claim against PSL regarding his alleged indefinite ban from the law school.

On January 26, 2018, the court issued a memorandum and order adopting Judge Schwab's report in its entirety. (Docs. 108 & 109). *See also*

2018 WL 575469 (M.D.Pa. Jan 26, 2018). Thus, remaining was plaintiff's 14th Amendment procedural due process claim against PSL regarding his indefinite ban from the law school.

Presently before the court is the October 26, 2018 Report and Recommendation of Judge Schwab, (Doc. 155), regarding PSL's motion for judgment on the pleadings, (Doc. 118), and the cross-motions for summary judgment filed by plaintiff and PSL, (Docs. 116 & 133). Judge Schwab recommends that PSL's motion for summary judgment be granted, plaintiff's motion for summary judgment be denied, and PSL's motion for judgment on the pleadings be denied as moot.

On November 8, 2018, plaintiff filed objections to Jude Schwab's report. (Doc. 156). PSL filed a brief in opposition to plaintiff's objections on November 20, 2018. (Doc. 157). On November 27, 2018, plaintiff filed a reply brief in support of his objections. (Doc. 158).

Based on the following discussion, Judge Schwab's report will be **ADOPTED IN ITS ENTIRETY**.

I.   **STANDARDS OF REVIEW**

   **A. Objections to Report and Recommendation**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**B. Motion for Summary Judgment**

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury

3

could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving

4

party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." [Celotex Corp., 477 U.S. at 322-23](); [Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007)]().

## II.  DISCUSSION[1]

The sole remaining issue in this case is whether PSL violated plaintiff's right to procedural due process when it indefinitely suspended and barred plaintiff from attending the law school. Specifically, as Judge Schwab summarizes plaintiff's claim, "[he] alleged that Penn State had violated his right to due process by holding a hearing on his alleged violation of the school's honor code without notice to him, failing to adequately consider his affirmative defenses, banning him from the school's property, and continuing 'to hold an indefinite ban against the Plaintiff through the use of local police and judicial powers without any form of hearing having taken place as required by Penn State University policy.'" (Doc. 155 at 6, Doc. 94 at ¶31).

There is no dispute that plaintiff was given a hearing before the school's Honor Code Hearing Board prior to his 2-year suspension after he "engaged

---

[1]Since the complete background and procedural history of this case have been detailed in the instant report and the previous reports of Judge Schwab, as well as the prior decisions of the court, they shall not be repeated herein.

in a course of harassing conduct toward a female classmate" and, that he failed to abide by the Dean of Student's directive for him to cease all contact with the female student. The effective date for plaintiff's original 2-year suspension was February 23, 2015 and it was to continue to January 2017, at which time plaintiff could re-apply for admission to the law school. Due to the suspension, plaintiff was no longer an active student at PSL.

The undisputed evidence discussed by Judge Schwab in her report reveals that in addition to plaintiff's 2-year suspension from PSL, the school had imposed specific terms of his suspension which were provided to him in a February 26, 2015 letter. Subsequently, plaintiff failed to comply with the terms of his 2-year suspension and "[he] entered the law school, attempted to attend class, and disrupted law school academic courses and businesses." (Doc. 155 at 11). PSL then sought and obtained a permanent injunction prohibiting plaintiff from entering the law school from the Centre County Court of Common Pleas. Additionally, as Judge Schwab states, "Elansari was further barred from entering the law school as a condition of his probation being revoked in connection with his unrelated criminal drug convictions."

Plaintiff essentially contends that he had a due process right to a hearing after his initial 2-year suspension from the state law school and before his indefinite suspension, and since he did not receive a hearing before his indefinite suspension from the school his 14th Amendment due process rights were violated.

The 14th Amendment prohibits a state from "depriv[ing] any person of

life, liberty, or property without due process of law." U.S. Const. amend. XIV, §1. "[A] procedural due process analysis involves a two step inquiry: (1) does the complaining party have a protected liberty or property interest and, if so, (2) does the available process comport with all constitutional requirements." Bowen v. Ryan, 2006 WL 3437287 (M.D. Pa. Nov. 29, 2006), *aff'd*, 248 F.App'x 302 (3d Cir. 2007); *see also* Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). Whether a legitimate entitlement exists is a question of state law. Hill v. Borough of Kutztown, 455 F.3d 225, 234. Thus, while state law determines if a person has a protected liberty or property right, the process that is due is a question of federal law. McDaniels v. Flick, 59 F.3d 446, 458 (3d Cir. 1995).

Here, after a through legal analysis, Judge Schwab determined that the plaintiff does not have a protected interest in life, liberty, or property based on the undisputed facts of this case "because he has not been an active student at Penn State since February 23, 2015." As Judge Schwab explains, since plaintiff was not an active student when he was indefinitely suspended from the PSL, "Elansari is therefore a member of the general public, [and] he does not have a protected property interest in access to the law school." In fact, as mentioned, plaintiff had to re-apply for admission to the law school after his 2-year suspension if he successfully complied with the terms of his suspension. Since plaintiff did not comply with the terms, he was not even eligible to re-apply.

Judge Schwab further states that even if assuming, *arguendo*, that

7

plaintiff does have a protected interest in access to the law school, PSL did not violate his right to procedural due process since the Centre County Court held a hearing, in which plaintiff was present and was heard, before imposing a permanent injunction barring plaintiff from entering the law school or disrupting law school business. Judge Schwab also states that plaintiff "has not pointed to any deficiencies in the process in the Centre County Court [ ] before the court imposed a permanent injunction."[2]

In [Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)](), the Third Circuit stated, "the due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.' If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." (internal citation omitted). As such, a plaintiff bringing a due process claim "must have taken advantage of the processes that were available, unless those processes were patently inadequate." Id. No doubt that the plaintiff could have appealed the permanent injunction issued by the Centre County Court barring him from entering the law school to the state appellate courts. "When adequate post-deprivation procedures exist, a plaintiff must avail him or herself of those

---

[2] Because Judge Schwab correctly explains why plaintiff's reliance on Goss v. Lopez, 419 U.S. 565 (1975), is misplaced, the court does not revisit her sound analysis. Even if *Goss* did apply, the plaintiff was not arbitrarily suspended from the public school system and, as discussed above, he was "given some kind of notice and afforded some kind of hearing" before he was permanently banned from the law school. Goss, 419 U.S. at 579.

8

procedures to properly state a procedural due process claim." Kairo-Scibek v. Wyoming Valley West Sch. Dist., 880 F.Supp. 2d 549, 561 (M.D.Pa. 2012). Thus, plaintiff was afforded all of the process that was due before the County Court issued the permanent injunction against the plaintiff and he had adequate state court remedies available to him to challenge the injunction barring him from the law school.

In his objections to Judge Schwab's report, the plaintiff rehashes his arguments in support of his original contention that the prohibitions on the use and sale of marijuana are unconstitutional. These claims were previously dismissed by the court and are no longer at issue. As PSL recognizes, "these arguments bear no relation to Plaintiff's ban from the law school or his procedural due process claim against Penn State." To the extent that the plaintiff's objections re-assert the arguments he previously raised in this case regarding his dismissed claims, as well as other reports and decisions of this court that are not currently at issue, his objections are denied as moot. The court will not revisit any of its prior rulings in this case.

Nor does the court consider the plaintiff's scurrilous and unfounded contentions in his objections, including his allegation that "[t]he actions of all individuals, including the Courts, in suppressing the constitutional arguments made by the Plaintiff in this matter constitutes treason against the United States."[3]

---

[3] In his reply brief, (Doc. 158), plaintiff also threatens that if the court does not "grant [him] the justice [he] is entitled to", he is "going to seek federal

Finally, the court agrees with Judge Schwab that since PSL is entitled to summary judgment, the plaintiff's motion for summary judgment should be denied, and PSL's motion for judgment on the pleadings should be denied as moot.

### III. CONCLUSION

After reviewing the cross-motions for summary judgment filed by the parties, (Docs. 118 & 133), and the report of Judge Schwab, (Doc. 155), as well as plaintiff's objections and reply brief, (Docs. 156 & 158), and PSL's response thereto, (Doc. 157), Judge Schwab's report is **ADOPTED IN ITS ENTIRETY**. Plaintiff's objections to Judge Schwab's report are **OVERRULED**. PSL's motion for summary judgment with respect to plaintiff's 14th Amendment procedural due process claim as it relates to plaintiff's indefinite ban from the law school is **GRANTED**, and **JUDGMENT** is entered in favor of PSL on this claim. Plaintiff's motion for summary judgment is **DENIED**. PSL's motion for judgment on the pleadings is **DISMISSED AS MOOT**. Plaintiff's motion for leave to appeal, (Doc. 154), is **DISMISSED without prejudice** since no

---

criminal prosecution for all of these entities [including the court] and their violation of U.S. law." To the extent that plaintiff is seeking federal criminal prosecution, the Third Circuit has held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See* Conception v. Resnik, 143 Fed.Appx. 422, 425-26 (3d Cir. 2005) (citing U.S. v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.")).

motion is required for plaintiff to file a notice of appeal with the Third Circuit. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 10, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1461-03.wpd